(54 App. Div. 72.)

### GALE v. NEW YORK HAY CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. REFEREES—SUFFICIENCY OF EVIDENCE.

Where there is a conflict in the evidence before a referee, but his findings are supported thereby, they will not be disturbed.

2. PRINCIPAL AND AGENT—ACCOUNTS.

The retention by a principal for a number of years of the accounts rendered by an agent, without objection thereto, when the accounts contained statements of facts peculiarly within the knowledge of the agent, and not known by principal until shortly before action brought, does not constitute an acquiescence which will prevent the principal maintaining an action for a difference in his favor.

Appeal from judgment on report of referee.

Action by Clifford J. Gale against the New York Hay Company. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Hugo Hirsh, for appellant.
John C. Judge, for respondent.

HIRSCHBERG, J. This case was decided correctly by the learned referee. The plaintiff, a resident of Ohio, had shipped hay to the defendant, to be sold on commission, and the action was to recover a balance arising from the claim that the sums alleged in defendant's accounts as the selling price were misstated. The transactions covered a period of years. It was undisputed that the defendant, in the various statements or accounts of sales which it rendered to the

plaintiff from time to time, set forth a figure as the price at which the hay was sold by it, which did not represent the actual selling price, but that from such price a deduction was made for storage, demurrage, and other like charges, not disclosed, and the balance only appeared in the statements as the selling price. On the part of the plaintiff it was contended that the hay had been shipped pursuant to an understanding that one dollar per ton only should be charged by the defendant, and that no deduction should be made excepting for freight. On behalf of the defendant, the deductions complained of were justified by the assertion of a custom of the trade. On both questions the case presented a conflict of testimony, but the conclusions reached by the referee are adequately supported, and no ruling warrants interference with the result.

The defendant insists, however, that the many accounts sales rendered to plaintiff, and retained by him for years without objection, became an account stated, in which the plaintiff must be deemed to have acquiesced. In support of this contention, numerous cases are cited, the latest being that of Stern v. Ladew, 47 App. Div. 331, 62 N. Y. Supp. 267, decided by this court in January, 1900. Most, if not all, the cases, like the one named, are controversies between vendor and vendee, and they are based upon the general principle that, if an account has been kept so long that the party receiving it has had ample opportunity to examine it and to object to it if it is wrong, his silence will be regarded as an acquiescence in its accuracy. The principle can have no application to dealings between principal and agent, where the agent misstates an account in a respect peculiarly within his own knowledge, and which misstatement cannot be discovered by an inspection of the account or by any other means possessed by the principal. The plaintiff never knew until shortly before the action that the defendant had deducted the charges for storage, etc., from the price at which the hay was sold, and therefore could not be deemed to have acquiesced in what he did not know, and could not have discovered save by chance. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.